14-3250-cv
*Hausch v. Ecklond*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:

> CHESTER J. STRAUB,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

VIVIAN L. HAUSCH,

> *Plaintiff-Appellant,*

> v.                                                                    No. 14-3250-cv

STEVEN A. ECKLOND, INDIVIDUALLY, THOMAS GIORDANO, INDIVIDUALLY, STEPHEN QUIGLEY, INDIVIDUALLY, GREG LUISI, INDIVIDUALLY, JANETTE HAYES, INDIVIDUALLY, WILLIAM M. WILLIAMS, JR., AKA BILL WILLIAMS, INDIVIDUALLY, JOHN D. CAVALLARO, INDIVIDUALLY, DAVID A. BARBUTI, INDIVIDUALLY, AND THE VILLAGE OF TUCKAHOE, NEW YORK,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Vivian L. Hausch, pro se,
                                            Patterson, NY.

FOR DEFENDANTS-APPELLEES
ECKLOND, GIORDANO, QUIGLEY,
LUISI, HAYES, WILLIAMS, CAVALLARO,
AND THE VILLAGE OF TUCKAHOE:                Steven C. Stern, Sokoloff Stern
                                            LLP, Carle Place, NY.

FOR DEFENDANT-APPELLEE BARBUTI:             Jonathan P. Pirog, Tromello,
                                            McDonnell & Kehoe, Melville,
                                            NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 31, 2014, is **AFFIRMED**.

Vivian L. Hausch, proceeding pro se, appeals from the District Court's dismissal of her complaint for failure to state a claim upon which relief may be granted. Hausch brought a claim pursuant to 42 U.S.C. § 1983 alleging that appellees—the Village of Tuckahoe, seven of its officials, and a private architect hired by the Village (David Barbuti)—violated her Fourth Amendment rights by entering, without her consent or a warrant, a building (the "premises") in which she stored personal and work-related items. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Adelson v. Harris*, 774 F.3d 803, 807 (2d Cir. 2014). A court is not bound, however, to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks omitted). To survive a motion to dismiss, "a complaint must contain sufficient matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Upon de novo review, we conclude that the District Court correctly held that appellees' entry onto the premises was lawful. The Supreme Court has "often emphasized . . . that a search must be supported, as a general matter, by a warrant issued upon probable cause." *Nat'l Treasury Emps. Union v. Von Raab*, 489 U.S. 656, 665 (1989). But courts have "permitted exceptions when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable." *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987) (internal quotation marks omitted). One such exception is that, "in certain circumstances[,] government investigators conducting searches pursuant to a regulatory scheme need not adhere to the usual warrant or probable-cause requirements as long as their searches meet reasonable legislative or administrative standards." *Id.* (internal quotation marks omitted). When this exception is invoked, we balance "the intrusion on the individual's interest in privacy against the 'special needs' that supported the [search]." *Ferguson v. City of Charleston*, 532 U.S. 67, 78 (2001).

Here, appellees concede that they entered the premises without a warrant. But we conclude that their entrance was nonetheless lawful because the public record makes clear that they acted "pursuant to a regulatory scheme"—namely, the Village Code of the Village of Tuckahoe—whose provisions advance the "special need" of ensuring the safety of buildings within the Village. *See Griffin*, 483 U.S. at 873. As detailed by the District Court in its thorough opinion and order, searches that follow the process outlined in the Village Code, such as the one performed by appellees, "meet reasonable legislative or administrative standards." *Id.* (internal quotation marks omitted). And the District Court did not err in concluding that the Village's interest in ensuring the safety of the premises—which had been identified by a Village building inspector as being in danger of collapse, *see* App. 83— outweighed Hausch's privacy interest in a building where she stored some possessions, but which she did not purport to own, lease, inhabit, use as her place of employment, or even visit, *see* App. 11 (Compl. ¶¶ 16–17). Appellees' entrance into the premises therefore did not violate Hausch's Fourth Amendment rights.

3

Even if the individual appellees entered the premises unlawfully, in the circumstances presented they would still be protected by qualified immunity. "A government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."[1] *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014) (per curiam). "A right is clearly established only its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

In this case, appellees obtained a judgment from the Westchester Supreme Court declaring that the premises violated the Village Code and authorizing them to "remove [the premises] and assess the cost of same." App. 57. It was objectively reasonable for the individual appellees to believe that entering the premises, in reliance on this judgment, would not violate Hausch's Fourth Amendment rights. Accordingly, the individual appellees are also shielded by qualified immunity.

We have considered Hausch's remaining arguments on appeal and find them to be without merit. For the reasons set out above, the judgment of the District Court is **AFFIRMED.**

|  | FOR THE COURT: |
|---|---|
|  | Catherine O'Hagan Wolfe, Clerk of Court |

---

[1] Barbuti is a private contractor working for the Village, not a government official, but Hausch does not challenge the District Court's determination that he may properly assert a qualified immunity defense.

4